1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

8   | JOSEPH NASCIMENTO,

9   |                  Plaintiff,

10  | v.

11  | WELLS FARGO BANK, NA, et al.,

12  |                  Defendants.

13

2:11-CV-1049 JCM (GWF)

14

**ORDER**

15      Presently before the court is plaintiff Joseph Nascimento's motion for remand and award of

16  costs and attorney's fees. (Doc. #11). Defendant Wells Fargo Bank N.A. filed an opposition to

17  plaintiff's motion. (Doc. #13). Finally, plaintiff filed a late reply to defendant's response on August

18  8, 2011. (Doc. #17).

19      Plaintiff filed the complaint in state court on August 3, 2010. (Doc. #11, Ex. 1). Plaintiff

20  alleges that he formally served Wells Fargo on August 4, 2010, by giving a copy of the summons and

21  complaint to a service manager at a local Wells Fargo branch office. (*See* Doc. #11, Ex. 2; Doc. #17).

22  The state court filed a default judgment against Wells Fargo on September 1, 2010. (Doc. #13, Ex.

23  2). Subsequently, Wells Fargo moved the state court to set aside the default judgment, arguing that

24  it had not been properly served on August 3. (Doc. #13, Ex. 3). Simultaneously, to preserve its right

25  to appeal, Wells Fargo filed a notice of appeal in state court. (Doc. #13, Ex. 4).

26      After full briefing and oral argument, the state trial court entered an order certifying its

27  intention to grant Wells Fargo's motion to set aside, finding that "[t]he record and oral argument

28

**James C. Mahan**
**U.S. District Judge**

1  demonstrate that Wells Fargo was not personally served as envisioned under the Nevada Rules of

2  Civil Procedure." (Doc. #13, Ex. 5). Wells Fargo then filed a motion to remand the appeal at the

3  Nevada Supreme Court so the district court could set aside the default judgment. (Doc. #13, Ex. 6).

4  On May 12, 2011, the Nevada Supreme Court remanded the appeal (doc. #13, ex. 9), and the district

5  court set aside the default judgment on June 7, 2011. (Doc. #13, Ex. 10). Wells Fargo then

6  unilaterally accepted service of the complaint on June 23, 2011 (doc. #13, ex. 11) and removed this

7  case to federal court. (Doc. #1).

8      Plaintiff now moves to remand the case to state court. (Doc. #11). Plaintiff asserts that the

9  removal was improper because it was filed after the 30-day window for removal provided in 28

10 U.S.C. § 1446(b). Plaintiff apparently is using the August 3, 2010 state court complaint filing as the

11 triggering event for the 30-day time period. Alternatively, plaintiff argues that Wells Fargo waived

12 any defects in service of process by litigating this case in state court.

13 **A.    Triggering Removal**

14     Plaintiff asserts that it triggered the 30-day window for removal by "commenc[ing]" the

15 action in state court on August 3, 2010. (Doc. #11). Thus, plaintiff believes that the removal to

16 federal court was not timely because the 28 U.S.C. § 1446(b) removal deadline "expired in

17 September, 2010, some nine months ago." (Doc. #11). However, Wells Fargo contends that the 30-

18 day period did not start until June 23, 2011, when it formally accepted service of process. (Doc. #13).

19     Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after

20 the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

21 forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In

22 *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 536 U.S. 344, 347-48 (1999), the United

23 States Supreme Court interpreted 28 U.S.C. § 1446(b)

24     in light of a bedrock principle: An individual or entity named as a defendant is not
       obliged to engage in litigation unless notified of the action, and brought under a
25     court's authority, by formal process. Accordingly, we hold that a named defendant's
       time to remove is triggered by simultaneous service of the summons and complaint,
26     or receipt of the complaint, "through service or otherwise," after and apart from
       service of the summons, but not by mere receipt of the complaint unattended by any
27     formal service.

28

Thus, 28 U.S.C. § 1446(b)'s 30-day window begins to run once the defendant is notified of the action and brought under a court's authority by formal process. *See id.*

In the present case, plaintiff inexplicably asserts that the 30-day window for removal started on August 3, 2010 when plaintiff "commenced" the action by filing the complaint in state court. (Doc. #11). However, filing a complaint is not synonymous with giving the defendant notice of the suit. Under the *Murphy Brothers* logic–requiring notice to the defendant plus formal service–the removal window could not have begun until August 4, 2010 when plaintiff attempted to serve the defendant at defendant's branch office. Nevertheless, even the putative service of process on August 4, 2010 is not the correct triggering event for the 30-day removal window because the state court held that Wells Fargo had not been properly served. (*See* Doc. #13, Ex. 10 (state court holding finding that "[t]he record and oral argument demonstrate that Wells Fargo was not personally served as envisioned under the Nevada Rules of Civil Procedure and timely sought relief from the default judgment.")).

The only clear-cut date on which service of process was perfected was June 23, 2011 when Wells Fargo formally accepted service of the complaint. (*See* Doc. #13, Ex. 11). Wells Fargo then removed this action to the United States District Court for the District of Nevada on June 24, 2011, just one day after the *Murphy Brothers* requirements were met.

**B.    Waiving Defects in Service of Process**

Alternatively, plaintiff asserts that Wells Fargo waived any defects in the service of process by litigating this case in state court. (Doc. #11). Further, plaintiff argues that the defendant was aware of the service of process issues but nevertheless failed to file a motion to quash service of process. Plaintiff states that this triggers a "rigid, bright-line rule established by both court rule and case law" waiving the defendant's later claims to service of process deficiencies. (Doc. #11). However, plaintiff cites no case law, statute, or court rule to support his assertion of this "rigid, bright-line rule." (*See* Doc. #11).

In Nevada, "[t]o avoid waiver of a defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process, the defendant should raise its

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  defenses either in an answer or pre-answer motion." *Fritz Hansen A/S v. Dist. Ct.*, 6 P.3d 982, 986

2  (2000) (internal citations omitted).

3      Here, plaintiff asserts that "[n]either the issue of sufficiency of process nor sufficiency of

4  service of process was addressed in Well's October 4, 2010 motion, it's (sic) [r]eply brief filed

5  October 22, 2010, nor in oral argument at the hearing on November 15, 2010." (Doc. #11). In reply,

6  Wells Fargo notes that its October 4, 2010 motion to set aside default "presents a detailed argument

7  contesting the sufficiency of the underlying 'service' of the complaint in this matter [and] the

8  insufficiency of that service was cited as grounds for setting aside the default judgment." (Doc. #13;

9  *see also* Doc. #13, Ex. 3).

10     The discrepancy in the parties' understanding of the contents of the state court motions can

11  only be explained by plaintiff's apparent belief that a motion to quash service of process is the *sine*

12  *qua non*–indeed, the only way–of challenging the sufficiency of service of process. As noted above,

13  plaintiff does not support this "rigid, bright-line rule" with any case law or statute. (*See* Doc. #11).

14  In contrast, Wells Fargo asserts that it validly challenged the deficient service of process through a

15  NRCP Rule 60 motion in its first pre-answer motion, the October 4, 2010 motion to set aside default.

16  (Doc. #13; *see also* Doc. #13, Ex. 3). Wells Fargo further argues that NRCP Rule 60(b)-(c)

17  "specifically provides a vehicle to seek setting aside [a default] judgment by appropriately and timely

18  challenging the validity of [service of process]." (Doc. #13; *see also* NRCP R. 60(b)-(c)).

19     Notwithstanding Wells Fargo's decision not to file a motion to quash service of process,

20  Wells Fargo did not waive any defects in the service of process because it raised this issue in a pre-

21  answer motion, as required by *Fritz Hansen*. *See Fritz Hansen*, 6 P.3d at 986.

22     Additionally, plaintiff argues that Wells Fargo waived any defense based on insufficient

23  service of process on September 28, 2010 when it entered an appearance and "immediately began

24  filing motions, oppositions, replies, orders, in addition to an appeal, then filed motions and

25  oppositions and replies in the appeal which it had initiated." (Doc. #11). Thus, plaintiff argues that

26  Wells Fargo "voluntarily not only subjected itself to the state court's authority, but Wells both sought

27  and benefitted from the state court's authority." (Doc. #11).

28

**James C. Mahan**
**U.S. District Judge**

1    However, after reserving its insufficient service of process defense in the October 4, 2010

2    pre-answer motion, Wells Fargo's participation in this case has been limited. Wells Fargo did not

3    file an answer to the complaint or engage in discovery. Almost the entirety of Wells Fargo's

4    participation in this case has been related to its challenge of the default judgment, which was based

5    in large part on the initial improper service of process. Therefore, Wells Fargo did not waive any

6    service of process deficiencies by engaging in this largely reactive litigation.

7    **C.    Attorneys' Fees and Costs**

8    Plaintiff also included a request for attorney's fees in his motion to remand. (Doc. #11).

9    Plaintiff asserts that the removal was improper and had dilatory motives. (Doc. #11).

10   The court has held that the removal was proper. Therefore, plaintiff's request for attorney's

11   fees is not warranted. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)

12   (stating "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only

13   where the removing party lacked an objectively reasonable basis for seeking removal. Conversely,

14   when an objectively reasonable basis exists, fees should be denied.").

15   **D.    Conclusion**

16   Prior to removal, the state court determined that plaintiff's putative August 4, 2010 service

17   of process was improper. Therefore, service of process was perfected on July 23, 2011 when Wells

18   Fargo accepted service of process. Wells Fargo did not waive any deficiencies in service of process

19   because it raised this defense in its pre-answer motion on October 4, 2010. Further, Wells Fargo did

20   not waive service of process in state court simply by engaging in reactive litigation to preserve its

21   appeal and challenge the state court's improperly entered default judgment.

22   Accordingly,

23   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Joseph

24   Nascimento's motion for remand (doc. #11) be, and the same hereby is, DENIED.

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff Joseph

2   Nascimento's request for attorney's fees (doc. #11) be, and the same hereby is, DENIED.

3       DATED August 19, 2011.

4

5       _____

6       **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**