UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH NASCIMENTO, | |
|     Plaintiff, | Case No.: 2:11-cv-01049-JCM-GWF |
| vs. | **ORDER** |
| WELLS FARGO BANK, | Motion to Strike Plaintiff's Demand for Jury Trial (#24) |
|     Defendant. | |

This matter is before the Court on Well's Fargo Bank, N.A.'s Motion to Strike Plaintiff's Demand for Jury Trial (#24), filed on August 30, 2011; Plaintiff's Opposition to Motion to Strike Plaintiff's Jury Demand (#25), filed on September 13, 2011; and Well's Fargo Bank, N.A.'s Reply in Support of Motion to Strike Plaintiff's Demand for Jury Trial (#26), filed on September 23, 2011.

### BACKGROUND

The Complaint in this action was filed on August 3, 2010 in the Eighth Judicial District Court of Clark County Nevada, alleging deceptive practices. The Complaint does not contain an initial jury demand. (*See* # 1-1.) On June 24, 2011, Defendant removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332. (*See* #1.) On July 7, 2011, Defendant filed its Answer to the Complaint. (*See* #7.) On August 10, 2011, Plaintiff filed a Demand for Trial by Jury pursuant to Fed. R. Civ. P. 81(c)(3)(A). Defendants now bring this motion to strike Plaintiff's jury demand as untimely under Fed. R. Civ. P. 38(b).

. . .

. . .

**DISCUSSION**

A party must make a jury demand "not later than 14 days after the last pleading directed to the issue is served." Fed.R.Civ.P. 38(b)(1).  In this instance, the last served pleading was defendants' answer filed and served on July 7, 2011.  Thus, under Rule 38(b), Plaintiff's jury demand was due not later than July 21, 2011.  Plaintiff's subsequent demand filed on August 10, 2011, is therefore untimely.  However, exceptions to the 14 day time period apply in removal actions.  Rule 81(c)(3) provides:

> (A) As Affected by State Law. A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.
>
> (B) Under Rule 38. If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
> (i) it files a notice of removal; or
> (ii) it is served with a notice of removal filed by another party.

Plaintiff argues the 14 day limit under Rule 38 does not apply in this case because Nevada state law does not require an express demand for a jury trial, and therefore under Rule 81(c)(3), Plaintiff timely requested a jury trial.  Plaintiff's argument however, is contrary to controlling law and must be rejected.

Under Nev. R. Civ. P. 38(b), a jury demand may be filed anytime between commencement of the action and entry of the order setting the case for trial.  Plaintiff argues that because the case was not yet set for trial in state court, there was no requirement under Nevada law to file a jury demand.  This argument however is foreclosed by *Lewis v. Time Inc.*, 710 F.2d 549 (9th Cir. 1983) (overruled on other grounds).  In *Lewis*, the Court examined the California Code on jury demands which provides that a party does not waive trial by jury unless he/she fails to announce a jury is required when the case is first set for trial. 710 F.2d at 556; *see also* Cal.Civ.Proc.Code §§ 631.  The Ninth Circuit held this law required an express jury demand for the purposes of Rule 81(c)(3)(A). *Id.*  The Court further found that "a district court's discretion under Rule 39(b) to

permit an untimely jury demand 'is narrow ... and does not permit a court to grant relief when the failure to make a timely demand results from oversight or inadvertence.' " *Id.* at 556-57.

The Nevada law is substantively similar to the California law, and therefore under *Lewis*, Nevada law requires an express demand. "Because Nevada law requires an express jury demand be filed, the provisions of Rule 81(c)(3) do not alter the requirement that a jury demand be made in federal court within Rule 38(b)'s 14 day period." *Kaldor v. Skolnik*, 2010 WL 5441999 at *2 (D. Nev. 2010). The Court therefore must strike Plaintiff's jury demand, unless Plaintiff can demonstrate the failure to timely file the demand was due to circumstances other than mere inadvertence. *See Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.,* 239 F.3d 1000, 1002 -1003 (9th Cir. 2001); *Russ v. Standard Ins. Co.*, 120 F.3d 988, 989-90 (9th Cir.1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir.1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 910 (9th Cir.1983) (holding district court's denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown).

In this case, Plaintiff offers no reason for his failure to timely file a jury demand. Plaintiff merely states there is no prejudice to Defendant in allowing a jury trial as the discovery just started. Prejudice to the Defendant, however, is not the proper standard. Plaintiff also claims that every inference is against a party waiving the constitutional right to a jury trial. Plaintiff references and attaches the civil minutes of a case from the Central District of California, *Tory Howze v. Marubeni Itochu Steel America, Inc.*, CV 09-2109, to support his argument. In *Howze*, the Plaintiff requested a jury trial in both her complaint and civil cover sheet. The court was therefore only required to decide whether stating a jury demand in her complaint and cover sheet was an "express demand" under *Lewis*. (*See* Opp., Exhibit 1, at 3.) Here, Plaintiff's Complaint does not contain a jury demand (*see* #1-1.), and it does not appear that Plaintiff in any way requested a jury trial while this action was pending in state court. The *Howze* case is therefore distinguishable.

. . .

3

     Even if Plaintiff mistakenly believed that no jury demand was necessary under Federal Rule 81(c), this misplaced belief is insufficient to excuse an untimely demand for jury trial. *See Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir.1982) (a mistaken belief "show[s] nothing more than inadvertence and neglect. The district court thus did not abuse its discretion in refusing to order a jury trial"). The Court therefore finds that Plaintiff's jury demand, filed more than 14 days after Defendant's answer, is untimely. Accordingly,

     **IT IS HEREBY ORDERED** that Well's Fargo Bank, N.A.'s Motion to Strike Plaintiff's Demand for Jury Trial (#24) is **granted**.

     DATED this 27th day of September 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge