**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSEPH NASCIMENTO,

Plaintiff,

v.

WELLS FARGO BANK, NA, et al.,

Defendants.

2:11-CV-1049 JCM (GWF)

**ORDER**

Presently before the court is defendant Wells Fargo Bank, N.A.'s motion for summary judgment. (Doc. #39). Plaintiff Joseph F. Nascimento filed an opposition. (Doc. #40). Defendant then filed a reply. (Doc. #41).

In a summary judgment motion, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility . . . ." *Id.* (internal citations omitted). Unauthenticated documents "cannot be considered in a motion for summary judgment." *Id.*

In the case at bar, the moving party has not authenticated the evidence supporting its motion for summary judgment. (*See* Doc. #39). Without properly authenticated supporting evidence, the court cannot consider the instant motion for summary judgment. *See Orr*, 285 F.3d at 773.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wells Fargo Bank, N.A.'s motion for summary judgment (doc. #39) be, and the same hereby is, DENIED.

DATED April 30, 2012.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**