UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH NASCIMENTO,

    Plaintiff,

v.

WELLS FARGO BANK, NA, et al.,

    Defendants.

2:11-CV-1049 JCM (GWF)

**ORDER**

Presently before the court is defendant Wells Fargo Bank, N.A.'s motion for attorneys' fees and costs. (Doc. # 62). Plaintiff Joseph Nascimento filed a response in opposition (doc. # 72), and the defendant filed a reply (doc. # 75).

**I.    Background Facts**

In March 2006, plaintiff Joseph Nascimento obtained a home equity line of credit in the amount of $20,000 secured by a deed of trust on plaintiff's real property. (Doc. # 54). Defendant Wells Fargo Bank, N.A.[1] serviced the loan. Plaintiff alleges that he reported "suspicious activity" on the $20,000 line of credit to defendant related to two $5,000 draws on the account. (Doc # 1-1). Plaintiff claims that he mailed a letter to defendant on November 21, 2009, offering to settle the matter for $750,000. (Doc # 54). Plaintiff asserts that defendant accepted this settlement via four separate letters. (*Id*., Exs. 5, 6, 7, and 8).

. . .

---

[1] Formerly Wachovia Bank before its merger with Wells Fargo Bank.

**James C. Mahan**
**U.S. District Judge**

On August 3, 2010, plaintiff filed a complaint in Nevada state court alleging: (1) breach of contract; (2) fraudulent inducement; (3) negligence; (4) common law fraud; (5) breach of implied covenant of good faith and fair dealing; (6) constructive fraud; and (7) equitable and declaratory relief. (Doc. # 1-1). On June 10, 2011, plaintiff moved for partial summary judgment. (Doc. # 1-15). Defendant timely removed this action to this court (doc. # 1), and filed a motion for summary judgment (doc. # 54).

The court granted summary judgment in favor of defendant and denied plaintiff's motion. (Doc. # 57). Subsequently, defendant filed the instant motion for attorneys' fees and costs. (Doc. # 62).

## II. Discussion

Defendant moves for attorneys' fees and costs under both the inherent power of the court and NRS 18.010.

### 1. Attorneys' Fees and Costs Pursuant to the Court's Inherent Power

#### A. Legal Standard

Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). In addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

An award of attorneys' fees pursuant to the court's inherent power is appropriate when plaintiff has acted in bad faith, has willfully abused the judicial process or has willfully disobeyed a court order. *See Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001). These sanctions are further "permissible when an attorney has acted recklessly if there is something more–such as an improper purpose." *Id.* at 993; *see, e.g., Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("a finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a

James C. Mahan
U.S. District Judge

- 2 -

frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent'") (citation omitted).

"A finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertions of a colorable claim will not bar the assessment of attorney's fees.'" *Fink*, 239 F.3d at 992 (quoting *Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam)).

   *B.*  *Analysis*

Defendant argues that the whole case was based upon fraud perpetrated by plaintiff, and therefore an abuse of the judicial system.

Fraud requires that (1) the defendant made a false misrepresentation, (2) the defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation), (3) the defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation, (4) the plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to the plaintiff resulting from such reliance. *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 957-58 (Nev. 1998); *see also J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).

In *Chambers*, G. Russell Chambers, created a trust in order to avoid defendant's notice showing that defendant was going to move for a temporary restraining order. *Chambers*, 501 U.S. at 36. The court warned Chambers and his counsel that his conduct was unethical, but Chambers continued to abuse the system and was subsequently fined $25,000 in civil contempt. *Id*. at 38. This conduct continued, and Chambers was given a warning by the district judge that further misconduct would not be tolerated. *Id*. On the eve of trial, Chambers stipulated that the purchase agreement was enforceable and that he had breached the agreement. *Id*. Chambers however, continued to try and frustrate the agreement, which lead to another hearing, in which Chambers, under a new attorney, was told that further sanctionable conduct would not be tolerated. *Id*. at 39. This lead to a finding by the Supreme Court that sanctions of attorneys' fees against Chambers under the court's inherent

James C. Mahan
U.S. District Judge

1  power was constitutional. *Id*. at 40.

2  Defendant contends that the facts in this case differ from *Chambers* only in that the plaintiff
3  in this case, rather than the defendant in *Chambers*, perpetrated fraud upon the court.

4  The court finds *Chambers* to be vastly different. In this case, there has not been mention of
5  any sanctions or warning of sanctions against plaintiff or his counsel by this court to warrant the use
6  of the court's inherent power. Defendant directs the court's attention to plaintiff's filing of multiple
7  motions, appealing of interlocutory motions, and refusal to cooperate in discovery to demonstrate
8  plaintiff's bad faith and waste of judicial resources. However, based on these facts, without findings
9  of fraud, the court declines to use its inherent power to award attorneys' fees against plaintiff.

10  As to the considerations of fraud, neither does the record show conclusive evidence of fraud
11  nor does the order on summary judgment address whether plaintiff perpetrated fraud upon defendant
12  or the court. The origin of the offer letter and the acceptance letters has not been established in the
13  facts of this case and the court has not ruled that fraud had occurred. In the court's order (doc. # 57),
14  the court found that an agreement did not exist, and when addressing plaintiff's fraud claims against
15  defendant,[2] the court did not discuss the validity of the letters at issue.

16  Because the court has not found conclusive evidence of fraud, bad faith or willful
17  misconduct; this court, in its discretion, declines to award defendant attorneys' fees under its inherent
18  power.

19  **2.   *NRS 18.010(2)(b)***

20  A.   Legal Standard

21  Under NRS 18.010(2)(b), attorneys' fees may be awarded to a prevailing party "when the
22  court finds that the claim . . . of the opposing party was brought or maintained without reasonable
23  ground or to harass the prevailing party." "The court shall liberally construe the provisions of this
24  paragraph in favor of awarding attorney's fees in all appropriate situations." NRS 18.010(2)(B).
25  "The decision whether to award attorney's fees is within the sound discretion of the district court."

---

[2] In this court's order, only fraudulent claims against defendant were addressed. (Doc. # 57). The court did not make any judgment as to whether plaintiff had engaged in fraud.

*Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993); *see also County of Clark v. Blanchard Constr. Co.*, 492, 653 P.2d 1217, 1220 (Nev. 1982).

To support a discretionary award of attorneys' fees, "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684 (Nev. 1995) (quoting *Chowdhry v. NLVH, Inc.*, 851 P.2d 459 (Nev. 1993)). "To the extent that a claim is fraudulent, it must also be groundless." *Allianz Ins.,* 860 P.2d at 725 (Nev. 1993).

    B.   Analysis

Defendant argues that it is entitled to attorneys' fees and costs under NRS 18.010(2)(b) because plaintiff's claims were brought without reasonable grounds and to harass defendant. Defendant argues that plaintiff's entire suit was the product of fraud and abuse of the judicial system.

Defendant's argument for fees under NRS 18.010(2)(b) closely mirrors its argument for fees under the court's inherent power. Defendant looks to plaintiff's conduct throughout litigation to establish that plaintiff's pursuit of this case was groundless and to justify its request for fees under NRS 18.010(2)(b). Here, however, the court does not find that plaintiff's actions were groundless as it never made a determination that plaintiff's claim was fraudulent.

In establishing its case for fraud, defendant points to the many discrepancies in the offer and acceptance letters that purportedly established a contract between the parties. These discrepancies include, but are not limited to: the inclusion of mailing addresses, the placement of dates, the placement of logos, and differing sentences amongst the letters. (Doc. # 75).

Although these details are in the record, these facts do not necessarily lead the court to conclude that plaintiff perpetrated an act of fraud or that fraud had occurred in this case. Further, as addressed above, the court has not made a ruling on whether plaintiff's conduct was fraudulent in any of its orders. Additionally, although defendant argues that plaintiff created the offer letter and acceptance letters that are at issue in this case, whether plaintiff's conduct was fraudulent was not resolved during the course of litigation.

. . .

Because this court has not ruled on the validity of the letters' origin, this court does not find an award of attorneys' fees and costs under NRS 18.010(2)(b) warranted.

### *3.    Reasonable and Necessary Fees*

As the court does not rule in favor of defendant for the purposes of the instant motion, it need not address whether the fees mentioned were reasonable and necessary.

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wells Fargo, N.A.'s motion for attorneys' fees and costs (doc. # 62) be, and the same hereby is, DENIED.

DATED April 25, 2013.

                                                      *[signature]*
                           **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -