1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH NASCIMENTO, | 2:11-CV-1049 JCM (GWF) |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, NA, et al., | |
| Defendants. | |

**AMENDED ORDER**

Presently before the court is plaintiff Joseph F. Nascimento's motion for partial summary judgment. (Doc. # 1-15). Defendant Wells Fargo Bank, N.A. filed an opposition (doc. # 5), and plaintiff replied (doc. # 8). Also before the court is defendant's motion for summary judgment. (Doc. # 54). Plaintiff filed an opposition (doc. # 55), and defendant replied (doc. # 56).

**I.    Factual background**

While some of the facts are disputed, the court provides only those facts that are relevant to the instant motions. In March 2006, Plaintiff Joseph F. Nascimento obtained a home equity line of credit in the amount of $20,000 secured by a deed of trust on plaintiff's real property. (Doc. # 54, Ex. 2). Defendant Wells Fargo Bank, N.A.[1] serviced the loan. Plaintiff alleges that he reported "suspicious activity" on the $20,000 line of credit to defendant related to two $5,000 draws on the account. (Doc. # 1-1, ¶ 6). Plaintiff claims that he mailed a letter to defendant on November 21,

_____

[1] Formerly Wachovia Bank before its merger with Wells Fargo Bank.

**James C. Mahan**
**U.S. District Judge**

1   2009, offering to settle the matter for $750,000. (Doc. # 54, Ex. 3). Plaintiff asserts that defendant

2   accepted this settlement via four separate letters dated: December 28, 2009, December 29, 2009,

3   January 7, 2010, and January 14, 2010. (Doc. # 54, Exs. 5, 6, 7, and 8). Defendant asserts that it has

4   no record of receiving plaintiff's settlement offer or sending any of the four purported acceptance

5   letters. (Doc. # 54, Ex. 4, ¶¶ 6-10).

6          Plaintiff filed a complaint in state court alleging: (1) breach of contract; (2) fraudulent

7   inducement; (3) negligence; (4) common law fraud; (5) breach of implied covenant of good faith and

8   fair dealing; (6) constructive fraud; and (7) equitable and declaratory relief. (Doc. # 1-1). Defendants

9   timely removed this action to this court. (Doc. # 1). Plaintiff moves for summary judgment only as

10  to his breach of contract and breach of implied covenant of good faith causes of action. (Doc. # 1-

11  15). Defendant moves for summary judgment as to all of plaintiff's causes of action.

12  **II.    Standard of review**

13         The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,

14  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

15  show that "there is no genuine issue as to any material fact and that the movant is entitled to a

16  judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to

17  isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

18  (1986).

19         In determining summary judgment, a court applies a burden-shifting analysis. "When the

20  party moving for summary judgment would bear the burden of proof at trial, it must come forward

21  with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.

22  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue

23  of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213

24  F.3d 474, 480 (9th Cir. 2000) (citations omitted).

25         In contrast, when the nonmoving party bears the burden of proving the claim or defense, the

26  moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

27  element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   make a showing sufficient to establish an element essential to that party's case on which that party

2   will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails

3   to meet its initial burden, summary judgment must be denied and the court need not consider the

4   nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

5        If the moving party satisfies its initial burden, the burden then shifts to the opposing party

6   to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

7   *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

8   party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

9   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions

10  of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th

11  Cir. 1987).

12       In other words, the nonmoving party cannot avoid summary judgment by relying solely on

13  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045

14  (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

15  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

16  for trial. *See Celotex Corp.*, 477 U.S. at 324.

17       Where a moving party's papers are insufficient to support a motion for summary judgment,

18  or reveal a genuine issue of material fact, summary judgment is inappropriate. *Martinez v. Stanford*,

19  323 F.3d 1178, 1182-83 (9th Cir. 2003).

20  **III.    Discussion**

21       **A.    Breach of contract**

22       Both plaintiff and defendant move for summary judgment on this cause of action. To prevail

23  on a breach of contract cause of action in Nevada, a plaintiff must prove: (1) existence of a valid

24  contract, (2) breach by defendant, and (3) damages as a result of the breach. *Sani v. Int'l Game Tech.*,

25  434 F.Supp.2d 913, 919-20 (D. Nev. 2006) (*citing Richardson v. Jones*, 1 Nev. 405, 405 (1865).

26       To have a valid contract, there must be (1) an offer, (2) an acceptance, (3) meeting of the

27  minds, and (4) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). In Nevada,

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   "preliminary negotiations do not constitute a binding contract unless the parties have agreed to all

2   material terms." *Id.* Further, "an enforceable settlement agreement cannot exist when the parties have

3   not agreed to the essential terms of the release because these provisions constitute a material term

4   of the settlement contract." *Id.* at 1258. Also, "where essential terms of a proposal are accepted with

5   qualifications, or not at all, an agreement is not made." *Heffren v. Vernarecci*, 544 P.2d 1197, 1198

6   (Nev. 1976).

7          Here, plaintiff asserts that a contract was formed by plaintiff's offer letter and defendant's

8   acceptance letters. (Doc. # 1, ¶ 9). However, none of the letters sent by defendant constitute a valid

9   acceptance or create a binding contract. These acceptance letters fail to establish a valid contract

10   because the release terms contained in each acceptance letter differ from those contained in the offer

11   letter. Provided that release provisions are material to a settlement agreement, there is no enforceable

12   contract without a meeting of the minds as to these terms. *See Heffren*, 544 P.2d at 1198.

13          Plaintiff's November 21, 2009, offer letter contemplates plaintiff releasing all of plaintiff's

14   claims in exchange for a check in the amount of $750,000. (Doc. # 54, Ex. 3, 19). However, the

15   acceptance letters each requires additional and different release provisions than those contemplated

16   in the offer.

17          First, defendant's December 28, 2009, acceptance letter requires plaintiff to release all claims

18   as to any account with Wells Fargo and to release all future claims. Further, the first acceptance letter

19   contains a confidentiality clause, a non-disparagement clause, and is limited to emotional pain and

20   suffering. (Doc. # 54, Ex. 5). Second, defendant's December 29, 2009, acceptance letter requires

21   plaintiff to relinquish the right to any information related to plaintiff's line of credit and contains a

22   confidentiality clause as to the settlement and the line of credit. (Doc. # 54, Ex. 7). Third,

23   defendant's January 7, 2010, acceptance letter requires plaintiff to relinquish his ability to make any

24   inquires regarding plaintiff's line of credit and contains a confidentiality clause. (Doc. # 54, Ex. 8).

25   And fourth, defendant's January 14, 2010, acceptance letter requires plaintiff to release all present

26   and future claims against both banks, Wachovia and Wells Fargo, and contains a confidentiality

27   clause. (Doc. # 54, Ex. 6).

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Plaintiff asserts that the letters defendant mailed to plaintiff "were clear and unambiguous"

2 and that plaintiff certainly understood the terms of the settlement agreement. (Doc. # 55, 21:11-17).

3 However, plaintiff's argument fails to appreciate how the acceptance letters' varying material terms

4 preclude formation of a valid contract.

5    The court finds that the parties did not enter into a valid binding contract because the parties

6 did not agree on the scope of the waiver and release terms. *See, e.g.*, *Rachford v. Air Line Pilots*

7 *Ass'n*, 375 F.Supp.2d 908 (N.D. Cal. 2005). Without a valid contract, there can be no breach of

8 contract. *See Sani*, 434 F.Supp.2d at 919-20. Thus, defendant has met its burden by presenting

9 evidence to negate an essential element of the breach of contract cause of action, *Celotex Corp.*, 477

10 U.S. at 323–24; plaintiff, however, has failed to meet his burden. Plaintiff has not produced

11 competent evidence that shows a genuine issue of material fact on this issue to preclude summary

12 judgment in defendant's favor. *See id.* at 324.

13    Thus, the court finds defendant has demonstrated that it is entitled to summary judgment in

14 its favor on plaintiff's breach of contract claim.

15       **B.      Breach of the implied covenant of good faith and fair dealing**

16    Both plaintiff and defendant move for summary judgment on this cause of action. To prevail

17 on a breach of implied covenant of good faith and fair dealing claim, a plaintiff must show that (1)

18 plaintiff and defendant were parties to a contract, (2) the defendant owed a duty of good faith and

19 fair dealing to the plaintiff, (3) the defendant breached his duty by performing in a manner unfaithful

20 to the purpose of the contract, and (4) the plaintiff's justified expectations were denied. *See Perry*

21 *v. Jordan*, 900 P.2d 335, 338 (Nev. 2008). This breach occurs, "[w]here the terms of contract are

22 literally complied with but one party to the contract deliberately contravenes the intention and spirit

23 of the contract . . . ." *Hilton Hotels Corp. v. Butch Lewis Prods. Inc.*, 808 P.2d 919, 922-23 (Nev.

24 1991).

25    Here, plaintiff's move for summary judgment on the implied covenant of good faith and fair

26 dealing claim. Plaintiff alleges that the home equity line of credit agreement included a covenant of

27 good faith and fair dealing that defendant breached. (Doc. # 1-1, ¶¶ 39-40).  As a moving party,

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

plaintiff bears the burden of coming forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480.

However, plaintiff has not met his "initial burden of establishing the absence of a genuine issue of fact on each issue material to [his] case." *Id.* Plaintiff's motion does not set forth any facts to demonstrate that defendant "literally complied with" the home equity line of credit agreement. (*See* doc. # 1-15). Plaintiff's motion fails of demonstrating that defendant breached his duty by performing the contract in a manner unfaithful to the purpose of the contract; thus, plaintiff is not entitled to summary judgment on this cause of action.

Defendant's motion argues that plaintiff has failed to meet his burden. Defendant asserts that plaintiff neither alleges nor provides any evidence that defendant technically complied with the home equity line of credit agreement and acted in a way that contravened the spirit of the agreement. (Doc. # 54, 15:20-31).

The court agrees. Plaintiff did not make a sufficient showing to establish an essential element on this cause of action upon which plaintiff bears the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. Because plaintiff has not raised the issue even to that of a factual dispute, *see T.W. Elec. Serv., Inc.*, 809 F.2d at 631, the court finds that defendant is entitled to summary judgment on this cause of action.

**C.    Negligence**

Only defendant moves for summary judgment on this cause of action. To establish negligence a plaintiff must show that (1) the defendant owned him a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *See Scialabba v. Brandise Group*, 921 P.2d 928, 930 (Nev. 1996).

The economic loss doctrine prohibits recovery in tort for purely economic losses. *See Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) (*superseded by statute on other grounds as stated in Olson v. Richard,* 89 P.3d 31, 32–33 (Nev. 2004). The economic loss doctrine "serves to distinguish between tort, or duty-based recovery, and contract, or promise-based recovery, and

1  clarifies that economic losses cannot be recovered under a tort theory." *Calloway,* 993 P.2d at 1264;

2  *see also Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865, 879 (9th Cir.2007) ("Broadly

3  speaking, Nevada applies the economic loss doctrine to bar recovery in tort for purely monetary harm

4  in products liability and in negligence cases unrelated to products liability" though not necessarily

5  in all tort actions). Pure economic loss includes "loss of profits, without any claim of personal injury

6  or damages to other property."*Calloway,* 993 P.2d at 1263.

7        Here, plaintiff alleges that defendant "owed a duty of care to Plaintiff in the operation,

8  maintenance and management of [plaintiff's home equity line account]." (Doc. # 1-1, ¶ 27). Plaintiff

9  then alleges that defendant breached its duty of care that caused an impending foreclosure of

10  plaintiff's real property, payments that plaintiff did not legally owe, and other monetary and non-

11  monetary damages. (Doc. # 1-1, ¶ 31). Plaintiff does not, however, allege any personal injury or

12  damage to other property.

13        Plaintiff's negligence claim is substantially identical to his cause of action for breach of the

14  implied covenant of good faith and fair dealing in the home equity line of credit agreement. Further,

15  plaintiff does not allege any harm beyond economic loss. Thus, the court finds that plaintiff's

16  negligence claim is "cloaked in the language of tort" and is not "extraneous" to the contract. *Giles*,

17  494 F.3d at 880. Therefore, the negligence claim is barred by the economic loss doctrine.

18        Plaintiff argues that the economic loss doctrine does not apply because defendant had a duty

19  to plaintiff imposed by law as opposed to contract. (Doc. # 55, 23:5-9). However, this argument fails

20  because the laws cited by plaintiff were not the basis for any of the causes of action asserted by

21  plaintiff in his complaint. (*See generally* doc. # 1-1). Thus, the court finds that application of the

22  economic loss doctrine is appropriate in this case.

23        Accordingly, defendant is entitled to summary judgment in its favor on plaintiff's negligence

24  cause of action.

25      **D.**    **Fraudulent inducement and common law fraud**

26        Only defendant moves for summary judgment on these cause of actions. To prevail on a fraud

27  claim a plaintiff must show by clear and convincing evidence that: (1) the defendant made a false

28

**James C. Mahan**
**U.S. District Judge**

1    misrepresentation, (2) the defendant's knowledge or belief that the representation is false (or

2    insufficient basis for making the representation), (3) the defendant's intention to induce the plaintiff

3    to act or to refrain from acting in reliance upon the misrepresentation, (4) the plaintiff's justifiable

4    reliance upon the misrepresentation, and (5) damage to the plaintiff resulting from such reliance.

5    *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 957-58 (Nev. 1998); *see also J.A. Jones Const.*

6    *Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).

7           Plaintiff alleges that defendant "falsely represented to Plaintiff that it had accepted Plaintiff's

8    Settlement Offer" and that "Plaintiff justifiably relied upon [defendant's] misrepresentation by both

9    continuing to pay on the account as instructed in [defendant's] January 14, 2010 letter, and refraining

10   from discussing his experience regarding the account with anyone pending receipt of a release and

11   settlement check from [defendant]. (Doc. # 1-1, ¶¶ 11, 14). Plaintiff contends that the letters

12   defendant sent to plaintiff were in an effort to stifle plaintiff from initiating a complaint against

13   defendant with regulatory authorities. (Doc. # 55, 22:20-21).

14          Defendant argues that plaintiff was already obligated to make payments toward the loan.

15   (Doc. # 54, Ex. 2). As such, continuing to make payments could not constitute a change in position,

16   or reliance, sufficient to support a fraud claim. (Doc. # 54, 20:23-2:5). Further, defendant argues that

17   plaintiff continued to discuss his "experience regarding the account" following receipt of the

18   acceptance letters. (Doc. # 54, 21:8-9). Defendant references plaintiff's March 25, 2010, customer

19   complaint filed with the office of the comptroller of the currency. (Doc. # 54, Ex. 10). Further,

20   defendant cites to plaintiff's June 18, 2010, letter to Senator Harry Reid. (Doc. # 54, Ex. 12). Both

21   of these communications discuss plaintiff's "experience regarding the account." Defendant contends

22   that plaintiff did not change his behavior in reliance on defendant's misrepresentation.

23          The court agrees. Plaintiff specifically references these two "untaken" courses of action to

24   demonstrate justifiable reliance (*i.e.*, stopping payment on the note and sharing plaintiff's experience

25   regarding his account). However, plaintiff was obligated to continue making payments on the note

26   underlying the deed of trust. Thus, any requirement by the January 14, 2010, acceptance letter calling

27   for continued payment cannot serve as the basis for justifiable reliance as plaintiff already bore the

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

responsibility to make these payments.

Further, defendant has provided sufficient evidence to establish that plaintiff shared his unsatisfactory experience with his account following the January 14, 2010, acceptance letter. Plaintiff failed to comply with the requirement that he not share his experience with his account.

The court finds that defendant has met its burden by demonstrating that plaintiff has failed to make a showing sufficient to establish justifiable reliance as required to prove common law fraud and fraudulent inducement. *See Celotex Corp.*, 477 U.S. at 323–24. Thus, the court finds that defendant is entitled to summary judgment on these causes of action.

### E.   Constructive fraud

Only defendant moves for summary judgment on this cause of action. "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence." *Long v. Towne*, 639 P.2d 528, 529-30 (Nev. 1982). "Constructive fraud is characterized by a breach of duty arising out of a fiduciary duty or confidential relationship." *Id.* at 530. This type of relationship "exists when one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Id.* Thus, to prove constructive fraud, plaintiff must show either a confidential or fiduciary relationship with defendant.

Although the Nevada Supreme Court has not ruled on the issue, this court has predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances." *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), *overruled on other grounds by Giles*, 494 F.3d 865; *see also Megino v. Linear Fin.*, No. 2:09–CV–00370, 2011 WL 53086, at *5 (D.Nev. Jan. 6, 2011)*; Saniel v. Recontrust Co.*, No. 2:09–cv–2290–RLH–RJJ, 2010 WL 2555625, at *3 (D.Nev. Jun. 23, 2010) (holding that a "typical lender-borrow relationship" does not constitute a special relationship and therefore does not give rise to a fiduciary duty).

1  Plaintiff argues that his relationship with defendant meets the threshold required by *Long*,

2  639 P.2d 528. (Doc. # 55, 24:16-18). Further, plaintiff alleges that defendant had "both a legal and

3  equitable duty to Plaintiff to maintain the account." (Doc. # 1-1, ¶ 42). Defendant argues that

4  defendant does not owe plaintiff a fiduciary duty as their relationship consisted "of nothing more

5  than an arms-length business transaction." (Doc. # 54, 20:5). Defendant also contends that there is

6  nothing unusual or peculiar about the relationship to establish an exceptional circumstance. Plaintiff

7  goes onto argue that he is not only a borrower of defendant but also a depositor thus establishing a

8  special relationship with defendant. (Doc. # 55, 24:14-15).

9  Plaintiff's argument fails. Plaintiff is not suing defendant in his capacity as a bank customer,

10  but as a borrower. Thus, any duty defendant may owe plaintiff as a bank customer cannot serve as

11  the basis of plaintiff's constructive fraud claim. Further, in the capacity that plaintiff is suing

12  defendant, as a borrower, this claim does not stand. This district has found that a lender does not owe

13  a fiduciary duty to an arms-length borrower. *See Yerington Ford, Inc.*, 359 F.Supp.2d at 1090.

14  Lastly, plaintiff does not point to sufficient facts to demonstrate exceptional circumstances that

15  would require the imposition of a fiduciary duty. Without a duty, plaintiff cannot establish a breach

16  as required for constructive fraud. *See Long*, 639 P.2d at 529-30.

17  The court finds that defendant has met its burden by demonstrating that plaintiff has failed

18  to make a showing sufficient to establish a fiduciary duty as required to prove constructive fraud. *See*

19  *Celotex Corp.*, 477 U.S. at 323–24. As such, the court finds that summary judgment in defendant's

20  favor on this claim is appropriate.

21  **F.   Equitable and declaratory relief**

22  Only defendant moves for summary judgment on this cause of action. Plaintiff's last claim

23  for relief seeks accounting and declaratory relief. These are equitable remedies and not independent

24  causes of action. Because the court finds that defendant is entitled to summary judgment on all of

25  plaintiff's underlying substantive claims, the court finds that it need not address these requests for

26  relief independently. *See Aguilar v. WMC Mort. Corp.*, No. 2:09-cv-1416-ECR-PAL, 2010 WL

27  185951, at *4 (D.Nev. Jan. 15, 2010).

28

**James C. Mahan**
**U.S. District Judge**

1    **IV.    Conclusion**

2           According to the foregoing,

3           IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Joseph F. Nascimento's

4    motion for partial summary judgment (doc. # 1-15) be, and the same hereby is, DENIED.

5           IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s motion for summary

6    judgment (doc. # 54) be, and the same hereby is, GRANTED.

7           IT IS FURTHER ORDERED that the clerk of the court enter judgment in favor of defendant.

8           DATED December 13, 2013.

9

10                                              _____

11                                              **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**